# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **K.R., A.R.-1, and A.R.-2**

**No. 17-0884** (Kanawha County 17-JA-140, 141, and 142)

**FILED**

**February 23, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father T.R., by counsel Michael M. Cary, appeals the Circuit Court of Kanawha County's August 30, 2017, order terminating his parental rights to K.R., A.R.-1 and A.R.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel William P. Jones, filed a response in support of the circuit court's order. The guardian ad litem ("guardian"), Christopher C. McClung, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in not affording him an improvement period.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2017, the DHHR filed an abuse and neglect petition against petitioner alleging he abused and neglected his three children. The petition alleged that petitioner manufactured methamphetamine in the home and that the parents used it while caring for the children. According to the DHHR, the mother left the home due to domestic violence between her and petitioner. The petition also alleged that the children suffered from educational and medical neglect. The DHHR also described the home as dirty and without electricity, a working stove, and sufficient food. Finally, the petition alleged that petitioner was unemployed. Petitioner waived his preliminary hearing. The circuit court ordered petitioner to avail himself to parenting and adult life skills classes and supervised visitations, conditioned upon submitting to a

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because two of the children have the same initials, they will be referred to as A.R.-1 and A.R.-2, respectively, throughout this memorandum decision.

[2]Petitioner does not raise a specific assignment of error challenging the termination of his parental rights.

1

psychological evaluation and providing negative drug screens. Petitioner denied that he had an addiction to drugs.

In May of 2017, the circuit court held an adjudicatory hearing at which petitioner did not appear in person, but was represented by counsel. The mother testified that she and petitioner abused drugs when they lived together and that it negatively affected her ability to parent the children. She testified that she left the home because of domestic violence and drug abuse and admitted that she knowingly left the children in an environment where petitioner continued to abuse drugs. She further testified that she noticed signs to suggest that one of the children was sexually abused in the home. Specifically, she observed blood in K.R.'s bed and petitioner informed her that the child fell and busted her lip, but the mother did not see any broken skin on the child's lip. However, the mother took no action to address the abuse. Based on the evidence presented, the circuit court adjudicated petitioner as an abusing parent.

In July of 2017, the circuit court held a dispositional hearing for which petitioner failed to appear. However, petitioner was represented by counsel. The circuit court heard testimony and evidence of the mother's continued drug use and positive drug screens. According to the DHHR, petitioner failed to follow a family case plan and failed to demonstrate a capacity to solve the problems of abuse and neglect. Accordingly, the circuit court found no reasonable likelihood that the conditions of abuse and neglect could be corrected in the near future, that termination was in the best interests of the children, and that post-termination visitation was not in the best interests of the children. Ultimately, the circuit court terminated petitioner's parental rights in its August 30, 2017, order.[3] It is from this dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the proceedings below.

---

[3]In addition to petitioner's parental rights being terminated, the mother's parental rights were also terminated. The children are placed in a foster home and the permanency plan is adoption in that home.

On appeal, petitioner argues that the circuit court erred in not affording him a meaningful improvement period. According to petitioner, he "would have been more than willing to participate in the [c]ourt ordered services[.]" The Court, however, finds no error in the circuit court's refusal to grant petitioner an improvement period.

Pursuant to West Virginia Code § 49-4-610, a circuit court may grant an improvement period when the parent "files a written motion requesting the improvement period" and "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period[.]" Here, the record shows that following the preliminary hearing, the circuit court ordered petitioner to avail himself for services including parenting classes, drug screens, and visitation. However, petitioner failed to participate in any services. Further, petitioner failed to request an improvement period, in writing or otherwise, and failed to attend any hearing after the preliminary hearing. Based on this evidence, we find that petitioner failed to satisfy the applicable burden to obtain an improvement period.

We have also noted that the decision to grant or deny an improvement period rests in the sound discretion of the circuit court. *See In re: M.M.*, 236 W.Va. 108, 115, 778 S.E.2d 338, 345 (2015) (holding that "West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period"); Syl. Pt. 6, in part, *In re Katie S.*, 198 W.Va. 79, 479 S.E.2d 589 (1996) (holding that "[i]t is within the court's discretion to grant an improvement period within the applicable statutory requirements"). Because petitioner failed to satisfy the applicable burden for obtaining an improvement period, we find no abuse of discretion in the circuit court's refusal to grant petitioner the same.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 30, 2017, order is hereby affirmed.

Affirmed.

**ISSUED**: February 23, 2018

**CONCURRED IN BY**:

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Menis E. Ketchum
Justice Allen H. Loughry II
Justice Elizabeth D. Walker

3